**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WELLINGTON BAKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3772** |
| **N. BURL CAIN, WARDEN** | **SECTION "R"(2)** |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter was remanded to the undersigned United States Magistrate Judge "for a determination of whether the petition raised a claim under State v. Dilosa, 848 So.2d 546 (La. 2003), in his state post-conviction proceedings, and if so, whether the assertion of that claim alters the magistrate judge's recommendation as to Baker's claim that the grand jury was unconstitutionally composed and empaneled." Rec. Doc. No. 23.

A review of the record now before the court reflects that Baker in fact urged his grand jury claim in the state courts under Dilosa, but that finding does not alter my recommendation. For the following reasons, I re-urge my previous recommendation that Baker's claim of discrimination in the grand jury selection process in Orleans Parish be **DENIED** and **DISMISSED WITH PREJUDICE** as procedurally barred from federal review. Alternatively, the claim may be dismissed because it fails to raise a federal issue for which habeas corpus relief is available.

I.   RELEVANT STATE COURT PROCEDURAL BACKGROUND

For a complete summary of the factual and procedural history of Wellington Baker's state criminal proceeding, I refer the court to my prior Report and Recommendation and adopt it as if incorporated in this report. Rec. Doc. No. 17. Since issuance of that report, the State has submitted to the court a copy of the state court records. The records will be referenced where necessary in this supplemental report.

As addressed in the prior report, Baker filed an application for post-conviction relief in the state trial court on October 8, 2003.[1] In that pleading, Baker, for the first time, alleged that the selection process of the grand jury and its forepersons in Orleans Parish was racially discriminatory and violative of the Equal Protection Clause.[2] Citing state law, including State v. Dilosa, 848 So.2d 546 (La. 2003), Baker alleged that La. Code Crim. P. arts. 413 and 414, were unconstitutional in the manner in which they provided for grand jury selection in Orleans Parish.

In Dilosa, the Louisiana Supreme Court held that Louisiana laws which established a unique method for the selection of the grand jury venire and foreperson in Orleans Parish violated La. Const. art. III, § 12(A). Dilosa, 848 So.2d at 550-551. This

---

[1]St. Rec. Vol. 5 of 5, Uniform Application for Post-Conviction Relief, 10/8/03.

[2]Baker did not provide a copy of this application. He references the filing date on page one of the memorandum attached to his petition.

2

section of the Louisiana Constitution prohibits the passage of local laws concerning criminal actions.

The state trial court denied Baker's application for post-conviction relief.  In an order dated March 22, 2004, inscribed on the face of the application, the state trial judge wrote: "Denied.  Mr. Baker failed to challenge the Grand Jury selection process prior to trial."[3]  In its subsequent judgment issued on April 13, 2004, the state trial court expounded on that holding, indicating that under Louisiana law Baker's claim had to be raised in a pretrial motion to quash pursuant to La. Code Crim. P. art. 419 or it would be waived.[4]  The court determined that Baker had <u>not</u> preserved the claim for review because no such motion to quash was filed.  In reliance on the United States Supreme Court opinion in <u>Campbell v. Louisiana</u>, 523 U.S. 392 (1998), and that of the Louisiana Supreme Court in <u>Deloch v. Whitley</u>, 684 So.2d 349 (La. 1996), the state trial court further held that it would be error to grant post-conviction relief on a claim that was not properly preserved for judicial review.

---

[3]St. Rec. Vol. 5 of 5, Trial Court Order, 3/22/04.

[4]St. Rec. Vol. 5 of 5, Trial Court Judgment, 4/13/04; Rec. Doc. No. 3, Trial Court Judgment, 4/13/04.

Baker thereafter filed an untimely[5] writ application in the Louisiana Fourth Circuit on July 20, 2004.[6] The court denied the application on August 12, 2004, finding no abuse of the trial court's discretion.[7] Baker's subsequent and timely[8] writ application to the Louisiana Supreme Court was denied without reasons on June 17, 2005.[9]

## II.  FEDERAL HABEAS PETITION

On November 1, 2005, Baker filed a petition for federal habeas corpus relief, seeking relief on the following grounds:[10] (1) The trial court erred in denying the motion for mistrial based on the State's failure timely to produce George Moten's statement made at the motion hearing. (2) The trial court erred in denying the motion for new trial based on the untimely disclosure of Moten's statement, newly discovered evidence that Moten may not have seen the shootings and newly discovered evidence that another

---

[5] Pursuant to La. Code Crim. P. art. 922, petitioner had 30 days from the issuance of the state trial court's ruling to file a writ application in the Louisiana Fourth Circuit. His application was signed July 8, 2004, and filed July 20, 2004. St. Rec. Vol. 1 of 5, 4th Cir. Writ Application, 2004-K-1243, 7/20/04. Both dates were beyond the allowable filing period.

[6] St. Rec. Vol. 1 of 5, 4th Cir. Writ Application, 2004-K-1243, 7/20/04.

[7] St. Rec. Vol. 1 of 5, 4th Cir. Order, 2004-K-1243, 8/12/04.

[8] See La. Code Crim. P. art. 922(C), La. S. Ct. R. X§5. The postal meter date of August 31, 2004, was obtained from the clerk of the Louisiana Supreme Court. St. Rec. Vol. 4 of 5, La. S. Ct. Writ Application, 04-KH-2440, 10/5/04.

[9] State ex rel. Baker v. State, 904 So.2d 688 (La. 2005); St. Rec. Vol. 4 of 5, La. S. Ct. Order, 04-KH-2440, 6/17/05; Rec. Doc. No. 3, Attachment, La. S. Ct. Order, 2004-KH-2440, 6/17/05.

[10] Rec. Doc. No. 3.

4

witness, Alveris Ruffin, could have testified to a different version of events than that described by Moten. (3) The selection process of grand jury forepersons in Orleans Parish was racially discriminatory and violative of the Equal Protection Clause.

On remand of issues related to Baker's third claim, the State was ordered to and did file a response in which it recognized that Baker urged a claim pursuant to <u>State v. Dilosa</u> in his state court application for post-conviction relief. The State argues that the claim is not appropriate for federal review. The State contends that the issues presented in <u>State v. Dilosa</u> do not give rise to federal habeas corpus relief or review. The State contends that this court does not sit to addresses errors or challenges under state law like those considered in <u>Dilosa</u>.

Baker filed a traverse in opposition to the State's response in which he complains that the State's response comes too late.[11] He further alleges that the state courts' denial of relief on his claim was contrary to <u>Dilosa</u> and therefore mandates that he be granted relief. He argues that federal law requires that the grand jury processes used by the states comply with equal protection and due process concepts. He claims that Louisiana's grand jury selection process did not comply with federal law in this regard.

---

[11]Rec. Doc. No. 26.

III.     PROCEDURAL DEFAULT OF CLAIM NO. 3

As discussed in the prior report, Baker's claim is procedurally barred from federal review. His reliance on <u>Dilosa</u> in his state post-conviction pleadings does not alter the application of the procedural default doctrine outlined in greater detail in the prior report. In fact, his reliance on <u>Dilosa</u> reinforces the fact that he presented and relied upon state law issues which were found to be in procedural default under state law.

In his third claim before this court, Baker alleges that racial discrimination in the selection process of grand juries and forepersons in Orleans Parish violated the Louisiana Constitution rendering his indictment invalid, citing <u>Dilosa</u>. The last reasoned state court opinion on the issue of the allegedly discriminatory grand jury selection process and/or <u>Dilosa</u> was that of the state trial court. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802 (1991). The court held that Baker failed to preserve the claim for review because it was not raised in a pretrial motion to quash as required by La. Code Crim. P. art. 419[12] and related state law. This ruling was expressly independent of federal law and rested solely on a state procedural bar. <u>Harris</u>, 489 U.S. at 263; <u>Glover</u>, 128 F.3d at 902.

---

[12] La. Code Crim. P. art. 419(A) provides that "A general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced, some great wrong committed that would work irreparable injury to the defendant, or unless persons were systematically excluded from the venires solely upon the basis of race."

In other words, the trial court determined that, under Louisiana law, Baker did <u>not</u> preserve for review his claim challenging the grand jury or the application of <u>Dilosa</u> by filing a <u>pretrial</u> motion to quash.[13]  The filing of such a motion is required by La. Code Crim. P. arts. 533(1)[14] and 535(D),[15] as recognized by the Louisiana Supreme Court in <u>Deloch v. Whitley</u>, 684 So.2d 349 (La. 1996),[16] which was also cited by the state trial court and Baker himself.  This contemporaneous objection rule has been found to be an adequate and independent state ground on which both Louisiana and federal courts have declined to consider claims of discrimination in the selection of the grand jury and its forepersons.  See <u>Francis v. Henderson</u>, 425 U.S. 536, 540-41 (1976) (failure to file a pretrial motion to quash as required by Louisiana law is a waiver of the right to challenge

---

[13]As noted before, Baker's counsel filed a pretrial motion to quash the indictment.  St. Rec. Vol. 3 of 5, Motion to Quash, undated; Rec. Doc. No. 3, Attachment, Motion to Quash Indictment.  However, the motion was based on alleged constitutional infirmities in the grand jury selection process as it specifically related to the death penalty component of the first degree murder charges Baker was originally facing.  The motion did <u>not</u> address, however, the issue of racial discrimination in the grand jury selection process or the alleged unconstitutionality of the process previously set forth under La. Code Crim. P. art. 413, which was found to be unconstitutional in <u>Campbell v. Louisiana</u>, 523 U.S. 392 (1998), or <u>Dilosa</u>.

[14]La. Code Crim. P. art. 533(1) provides that "[a] motion to quash an indictment by a grand jury may also be based on one or more of the following grounds: (1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.. . ."

[15]La. Code Crim. P. art. 535(D) provides that ". . . [t]he grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions."

[16]In <u>Deloch</u>, the Louisiana Supreme Court held that defense counsel's failure to file a pretrial motion to quash waived the equal protection claim arising out of allegedly discriminatory selection of grand jury forepersons.

the grand jury composition which the federal courts must respect) (citing Michel v. Louisiana, 350 U.S. 91, 97-98 (1955) (same)); Glover, 128 F.3d at 902 (state procedural bar is independent and adequate when it is evenhandedly applied); Williams v. Cain, 125 F.3d 269, 276 (5th Cir. 1997) (petitioner who failed to file pretrial motion to quash regarding his claim of discrimination in the grand jury foreperson selection process was procedurally barred under Louisiana law, and federal review was also barred).

I again find that the bar imposed by the state trial court was both independent and adequate to bar federal review of Baker's claim in this court asserting discrimination in the selection of grand juries and their forepersons. For the reasons set forth in the prior report, Baker has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts. In addition, Baker has not shown that a fundamental miscarriage of justice, related to his actual innocence, will occur if the merits of his claim are not reviewed.

Thus, Baker's claim of racial discrimination in the grand jury selection process in Orleans Parish is procedurally barred from review by this federal habeas corpus court. See Parker v. Cain, 445 F. Supp.2d 685 (E.D. La. 2006) (Duval, J.). The claim should be dismissed for this reason.

IV.     STATE V. DILOSA DOES NOT PRESENT A FEDERAL CLAIM

Alternatively, petitioner's claim that La. C. Cr. P. art. 413(C) violated the state constitution would not be a ground for federal relief even if that claim were not procedurally barred. See Parker v. Cain, 445 F. Supp.2d at 697 n.23; Varnado v. Cain, 2004 WL 2984804 at *5 (E.D. La. Dec. 21, 2004) (Duval, J.). Baker's claim is admittedly based on State v. Dilosa, 848 So.2d at 546, in which the Louisiana Supreme Court, not the United States Supreme Court, addressed Louisiana laws governing the selection of the grand jury venire and foreperson in Orleans Parish violated La. Const. art. III, § 12(A). The United States Supreme Court has not addressed the issue brought under Dilosa with regard to Louisiana laws applicable to Orleans Parish grand jury selection.[17] The fact that those provisions violated the state constitution is of no moment in a federal proceeding. Parker, 445 F. Supp. at 697.

Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1982). Because the constitutional rights addressed in Dilosa were state constitutional rights, federal habeas corpus relief

---

[17] The Campbell v. Louisiana case cited previously did not address the laws applicable to Orleans Parish grand jury selection. Nevertheless, as cited above, the federal courts have honored state procedural bars to Campbell claims not properly preserved by motion to quash.

9

is not available to Baker.  Davis v. Jones, 2006 WL 1540114 at *2 n.11 (E.D. La. May 31, 2006) (unpub.) (Berrigan, C.J.); Varnado, 2004 WL 2984804 at *5.

Therefore, even if Baker's grand jury claim was not in procedural default, he is not entitled to federal habeas corpus relief.  The state courts' denial of relief on the claim was not contrary to, or an unreasonable application of, United States Supreme Court law.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that Wellington Baker's claim of discrimination in the grand jury selection process in Orleans Parish issue be **DENIED** and **DISMISSED WITH PREJUDICE** as procedurally defaulted and therefore barred from federal review and that Baker's entire petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for the reasons presented in the prior Report and Recommendation.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___17th___ day of January, 2007.

                                             JOSEPH C. WILKINSON, JR.
                                       UNITED STATES MAGISTRATE JUDGE